“ Arnoux, J.
Where the master places the entire charge of his business in the hands of an agent, the neglect of the agent in supplying and maintaining suitable instrumentalities for the work required is a breach of duty for which the master is liable (Mullan v. Phila. & Southern Mail S. S. Co., 78 Penn. St. 25; 21 Am. R. 2, cited with approbation in Crispin v. Babbitt, 81 N. Y. 516-521; Corcoran v. Holbrook, 59 Id. 517). A corporation necessarily places the entire charge of its business in the hands of its agents, and as the jury has found that there was a breach of duty in this regard, if it could be established that the ruling of the court was wrong in respect to the position of McCann, nevertheless the verdict should be sustained. We think that this case, in respect to the duty that the master owes his servant as to the acts of McCann, is distinguishable from the cases of Crispin v. Babbitt (81 N. Y. 516), and McCosker v. L. I. R. R., (84 N. Y. 77). To entitle the defendant to a new trial he must affirmatively establish that the verdict was wrong in both branches of the case. This, after careful examination, we think he has failed to do, and therefore, the motion for a new trial is denied.”
By the Court.—Horace Russell, J.
[After stating the facts as above.] The fundamental error into which, as it seems to me, the learned judge who tried this case below, fell, was in leaving it entirely to the jury to determine what acts and duties the defendant was required to perform and discharge as principal, instead of holding, as a matter of law, that “the duty of the defendant was to supply its servants with suitable and safe machinery and appliances, with competent *466 and skillful co-workers, and to make and promulgate sufficient rules and regulations for the conduct of the business in its ordinary run and for any extraordinary occasions that might be reasonably anticipated ” (Slater v. Jewett, 85 N. Y. 61, 73), and then asking the jury to find whether the defendant had failed in the performance of its duty in any of these respects. The fact that the defendant’s business is raising, repairing and again lowering vessels does not require it to take charge of the details of this business as principal, or make it liable to a servant for the negligence of a fellow-servant who is put in charge of such details.
It might as well be left to a jury to say whether or pot it is the duty of a railroad company to conduct trains as principal, so that every railroad conductor could be found by the jury to be the alter ego of the company.
The defendant can be held liable only for neglect of its duty in respect to the matters which I have quoted from the opinion of Chief Justice Folgker. Whether or not McCann was the alter ego of the defendant was a matter of law to be determined by the court, not a matter of fact to be decided by the jury. The decision in Mullan v. Phil. & South. Mail S. S. Co. (78 Penn. St. 25 ; 21 Am. R. 2), was approved in Crispin v. Babbitt, only to the extent of this proposition : “Where the master places the entire charge of his business in the hands of an agent, the neglect of the agent in supplying and maintaining suitable instrumentalities for the work required, is a breach of duty for which the master is liable.” The words which I have put in italics were so put by Judge Rapallo in his opinion (81 N. Y. 521), and he goes on to say: “ These were master’s duties. In so far as the case from which the citation is made goes beyond this, I cannot reconcile it with established principles.” “
Was McCann the alter ego of the defendant so that *467 his negligence was the negligence of the defendant, or was he only the fellow-servant of the plaintiff’s intestate, for whose negligence in this case the defendant is not responsible ? This question is not to be determined by the relative grade or rank of McCann and Hart (Crispin v. Babbitt, 81 N. Y. 516; Slater v. Jewett, 85 N. Y. 61; McCosker v. L. I. R. R. Co., 84 N. Y. 77.)
In Crispin v. Babbitt, a person known as “business and financial man,” in general charge of the business, the defendant being absent most of the time, was held to be a co-employee in regard to the business out of which the accident befell.
In Slater v. Jewett the conductor of a train, having general charge of it, was held to be fellow-servant of the fireman who was killed by his negligence.
In McCosker v. L. I. R. R. Co., the yardmaster who employed and discharged drillers (of whom the deceased was one), made up trains, distributed cars in and about the yard and repair shops, was held to be fellow-servant of the driller, who worked under his command and was killed by his negligence.
According to the testimony before us McCann was only foreman of sectional dock No. 3. It was no part of his duty to supply machinery or to employ or discharge men; that was all done by the president of the company, who devoted himself exclusively to the general management of the business; but even if it had been, under the decision in Crispin v. Babbitt, McCann was not, at the time of the accident, engaged in work which the law requires the defendant itself to do, but was the fellow-workman of the intestate.